**TEL–INSTRUMENT ELECTRONICS CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

and

**JcAir, INC., Intervenor.**

No. 02–1828C.

United States Court of Federal Claims.

April 8, 2003.

Lars Anderson, Venable, Baetjer & Howard, LLP, Vienna, VA, for plaintiff.

Joseph Trautwein, United States Department of Justice, Commercial Litigation Branch, Washington, DC, for defendant.

David C. Hammond and Laura A. Shelkey, Powell, Goldstein, Frazer & Murphy LLP, Washington, DC, for intervenor.

## OPINION AND ORDER

HODGES, Judge.

Tel–Instrument Electronics challenges the Army's decision rejecting its bid as non responsive and awarding the contract for a radar system to Goodrich Corporation–JcAir Test Systems. Plaintiff conditioned its bid upon receiving certain government-furnished equipment and obtaining special warranties and payment terms. The administrative record supports the Army's decision to reject plaintiff's bid and to award the contract to JcAir. We grant defendant's motion for summary judgment.

## BACKGROUND

The Army requested bid samples for a fixed-price, indefinite delivery-indefinite quantity contract to purchase a complex radar test system. The purpose of the system is to validate friend-or-foe technology used by pilots and other military personnel to avoid casualties from "friendly fire." The Army appraised and tested the bid samples, and issued Invitations for Bids to those who qualified. Three contractors qualified to participate in the bidding, including Tel–Instrument.

The contracting officer noted several exceptions to plaintiff's offer at the bid opening. First, the bid price assumed that plaintiff would use government-furnished equipment in operating the system. The Solicitation did not include an express mention of such equipment. Second, the contracting officer stated that plaintiff's cover letter placed limitations on the "standard commercial warranty" required by the Solicitation. Third, plaintiff conditioned the payment terms of its bid by proposing to invoice the Government on a milestone basis. The Solicitation provided for payment when the Army accepted completed units. The contracting officer found that plaintiff's bid was not responsive because its conditions were material deviations from requirements of the Solicitation.

### A.

This court has jurisdiction "to render judgment on an action by an interested party objecting to ... any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). We review agency procurement decisions according to Administrative Procedure Act standards. *See* 5 U.S.C. § 706. These standards require that a court uphold agency decisions unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5

U.S.C. § 706(2)(A); 28 U.S.C. § 1491(b)(4). "The Court may interfere only where it is clear that the agency's determinations were irrational and unreasonable." *Acra, Inc. v. United States*, 44 Fed.Cl. 288, 292 (1999) (citing *IMS Servs., Inc. v. United States*, 33 Fed.Cl. 167, 179 (1995)). Contracting officers have wide discretion in evaluating bids and applying procurement regulations. *See, e.g., Cincom Sys., Inc. v. United States*, 37 Fed.Cl. 663, 671 (1997).

### B.

A motion for judgment upon the administrative record is subject to the same standards applicable to a motion for summary judgment. *Nickerson v. United States*, 35 Fed.Cl. 581, 588 (1996), *aff'd*, 113 F.3d 1255 (Fed.Cir.1997). Summary judgment is appropriate if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed.Cir.1987). A motion for judgment upon the administrative record is "an appropriate vehicle to scrutinize an agency's procurement actions because the issues in such cases typically involve contractual and regulatory interpretation, thereby presenting no genuine issues of material fact." *Ryan Co. v. United States*, 43 Fed.Cl. 646, 650 (1999).

### C.

If a bidder attempts to impose conditions that would modify material requirements of the solicitation, the bid is not responsive and must be rejected. *See, e.g., Bishop Contractors, Inc.*, B–246,526, 91–2 CPD ¶ 555 at 2–3, 1991 WL 280099 (Comp. Gen. Dec. 17, 1991). Material requirements include those affecting price, quantity, quality, or delivery of the solicited products. They are not "minor informalities or irregularities." 48 C.F.R. § 14.405.[1]

---

1. Minor informalities or irregularities in bids. A minor informality or irregularity is one that is merely a matter of form and not of substance. It also pertains to some immaterial defect in a bid ... from the exact requirements of the invitation that can be corrected or waived without being prejudicial to other bidders. The defect or variation is immaterial when the effect on price, quantity, quality, or delivery is negligible .... The contracting officer either shall give the bidder an opportunity to cure any deficiency resulting from a minor informality or irregularity in a bid or waive the deficiency, whichever is to the advantage of the Government. 48 C.F.R. § 14.405.

"The rationale for enforcing the responsiveness requirement is to avoid unfairness to other contractors who submitted a sealed bid on the understanding that they must comply with all the specifications and conditions in the invitation for bids." *Ryan Co.*, 43 Fed.Cl. at 650 (quoting *Toyo Menka Kaisha, Ltd. v. United States*, 220 Ct.Cl. 210, 597 F.2d 1371, 1377 (1979)). No bidder may reserve rights or immunities that are not extended to all bidders by the conditions and specifications advertised in the solicitation. *Interstate Constr., Inc.*, B–281,465, 99–1 CPD ¶ 31 at 2, 1999 WL 61014 (Comp.Gen. Feb. 10, 1999). The bid must contain an unequivocal offer to perform, without exception, the exact thing called for in the solicitation, in total conformance with material terms of the solicitation. *ECDC Envtl., L.C. v. United States*, 40 Fed.Cl. 236, 242 (1998); *Bean Dredging Corp. v. United States*, 22 Cl.Ct. 519, 522 (1991) (quoting *Wright Assocs., Inc.*, 90–1 CPD ¶ 549, 1990 WL 278081 (Comp. Gen. June 12, 1990)).

## DISCUSSION

### Government–Furnished Equipment

The cover letter accompanying Tel–Instrument's bid stated that plaintiff would require certain government-furnished equipment "for the life of the production contract." Neither the Invitation for Bids nor the Statement of Work included a provision for government-furnished equipment. The contracting officer disqualified the bid as non responsive partly for that reason. Plaintiff contends that while the Solicitation contained no express provision for government-furnished equipment, its use was implicit. Moreover, the equipment needed was not commercially available, so bidders were entitled to assume that the Government would furnish it.

The Invitation for Bids does not contain clauses that FAR would require if the Army were contemplating use of government-furnished equipment. *See, e.g.*, 48 C.F.R.

§ 52.245–2(a)–2(k). An agency must include such clauses in solicitations for contracts that involve government-furnished equipment. *See* Title 48 C.F.R. § 45.302–4. The administrative record includes materials establishing that the proposed equipment in fact was commercially available. Defendant asserts that no other bidders sought clarification concerning government-furnished equipment.

Tel–Instrument agreed to the contract at the quoted price only with the equipment provided. It had no legal obligation to perform the contract unless the Army agreed to furnish the requested equipment. Plaintiff's bid presumably would have been higher absent its assumption that the Government would furnish the equipment that it needed. Other bidders' prices likely were higher because they did not make such an assumption. Plaintiff essentially bid on a contract that was different from the contract that was offered to other bidders.

The Government Accounting Office has held consistently that a bidder conditioning its bid upon the use of government facilities not specifically provided in the solicitation is non responsive. *See, e.g., Walashek Indus. & Marine*, B–281,577, 99–1 CPD ¶ 30 at 3, 1999 WL 43510 (Comp.Gen. Jan. 29, 1999).[2]

Plaintiff argues that the Government should have waived the variance in its bid. The contracting officer may waive only minor irregularities in a bid, however. *Interstate Constr. Inc.*, B–281,465, 99–1 CPD ¶ 31 at 2 (Comp.Gen. Feb. 10, 1999). Determination of whether a defect in a bid is material is committed to agency discretion. *See* FAR § 14.301; FAR § 14.405; *Interstate Rock Prods., Inc. v. United States*, 50 Fed.Cl. 349, 362 (2001). In any event, we agree with the contracting officer that this bid varied materially and substantially from the offer. Such a finding precludes waiver. *See* 48 C.F.R. § 14.405.

Plaintiff asserts that the Government should have declared its bid responsive be-

---

**2.** GAO decisions are not binding on this court, but we normally accord them deference in recognition of GAO's expertise in resolving contested procurement decisions. *North Carolina Div. of Servs. for Blind v. United States*, 53 Fed.Cl. 147,

166 n. 13 (2002); *Bean Dredging Corp. v. United States*, 22 Cl.Ct. 519, 522 (1991) (citing *Honeywell, Inc. v. United States*, 870 F.2d 644, 647–48) (Fed.Cir.1989).

cause it either retracted or clarified the need for government-furnished equipment in post-award email and letters to the contracting officer.[3] Clarifications or corrections after the bids are opened do not convert a non responsive bid into a responsive one. *Interstate Rock Prods.*, 50 Fed.Cl. at 360; *Washington Printing Supplies, Inc.*, B–227,048, 87–2 CPD ¶ 34, 1987 WL 102570 (Comp.Gen. July 10, 1987). The contracting officer reasonably determined that plaintiff's requirement for government-furnished equipment was not a "minor informality or irregularity" that he could waive or cure. *See* 48 C.F.R. § 14.405.

### Warranty and Data Rights

The Solicitation required bidders to submit a copy of their standard commercial warranty, and that the warranty be incorporated into the contract. The warranty could not be "voided by organic repair accomplished [in accordance with] prescribed maintenance manuals or standard military procedures on any item or component thereof."

▮ Plaintiff stated that it would not "warranty Test Set performance if the hardware, software, or firmware is modified by anyone but [Plaintiff] without its concurrence." The terms of a warranty are a material part of a solicitation. A bidder's qualification of a warranty clause in the solicitation renders its bid non responsive. *See, e.g., Genesis Gen. Contracting, Inc.*, B–225,794, 87–1 CPD ¶ 550, 1987 WL 102372 (Comp. Gen. June 1, 1987), *reconsideration denied,* B–225,794.2., 87–2 CPD ¶ 238, 1987 WL 102894 (Comp.Gen. Sept. 14, 1987). Plaintiff qualified its warranty by limiting the Government's ability to perform repairs.

▮ The Solicitation required that the contractor provide its source codes for use by "Government agencies and their contractors." Plaintiff limited the production of its source codes "for the exclusive use of the Army only." This would have prevented the Army from providing the codes to other government agencies and to their contractors.

### Payment Conditions

▮ "Payment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in this contract." This provision of the Solicitation is taken from FAR § 52.212–4(i), and it cannot be altered. FAR § 12.302(b). Plaintiff altered the payment terms by proposing to invoice the Government on a milestone basis, rather than upon acceptance of the units after delivery. A bid conditioned on payment provisions that are different from those contained in the solicitation is not responsive because it modifies the legal obligations of the parties. *Antennas for Communication*, B–253,950, 93–2 CPD ¶ 48, at 1–2, 1993 WL 284892 (Comp.Gen. July 23, 1993).

### CONCLUSION

Tel–Instrument conditioned its bid on the use of equipment not included in the Solicitation, required special payment terms, and limited its warranty obligations. None of these qualifications is a minor informality or irregularity that could have been waived or cured. The contracting officer determined correctly that plaintiff's bid was not responsive to the Solicitation.

Defendant's motion for summary judgment on the administrative record is GRANTED. The Clerk will dismiss plaintiff's complaint. No costs.

---

**3.** Plaintiff wrote the contracting officer after bid opening stating, "[t]his letter rescinds our request for Government Furnished Equipment (GFE) for the subject solicitation."